IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MELISSA DIANE TIENSVOLD, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV415-322
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
 )
    Defendant. )
 )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 18), to which objections have been filed (Doc. 19). In her objections, Plaintiff makes two arguments. First, Plaintiff argues that the Magistrate Judge's recommendations regarding the credibility determination should be rejected because the Administrative Law Judge's ("ALJ") conduct created the appearance of bias. (Doc. 19 at 1.) Second, Plaintiff argues that the ALJ erred in failing to explain why he accepted the restrictions of one non-examining State Agency medical consultant rather than the other. (Id. at 3.) After careful review of the record in this case, the Court concludes that Plaintiff's objections are without merit. Accordingly, and for the reasons discussed below, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case and the

Commissioner's decision denying benefits is **AFFIRMED**. The Clerk of Court is directed to **CLOSE** this case.

As the Magistrate Judge noted in his Report and Recommendation, the Court

> review[s] the Commissioner's decision for substantial evidence. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgement for that the Commissioner." Winschel, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 782 (11th Cir. 2014). As a result, the Court cannot overturn a decision of the Commissioner merely because the Court may have decided differently if presented with the same facts. Instead, the Court looks to whether the Commissioner's decision is supported by substantial evidence, and whether the legal requirements and standards were followed.

First, Plaintiff contends that the ALJ's credibility determination should be rejected because there was the appearance of bias. (Doc. 19 at 1-2.) Plaintiff alleges that the ALJ included an "unwarranted" reference to drug abuse and multiple "snide remarks and asides." (Id.) Plaintiff argues that

2

this justifies a "more thorough analysis related to the validity of and support for the reasons the ALJ provided for the adverse credibility determination." This objection has no merit.

As the Magistrate Judge accurately noted throughout the Report and Recommendation, there is more than substantial evidence supporting the ALJ's reasoning that Plaintiff was not credible. Plaintiff provided conflicting answers as to her personal needs and self-care, her financial abilities, her physical capabilities, her drug use, her reasons for leaving work, and her social functioning. (Doc. 18 at 6-7.) Notably, these myriad inconsistencies were merely some of the examples throughout the record supporting a finding that Plaintiff was less than credible. Because there is more than substantial evidence supporting the ALJ's decision that Plaintiff was not credible, the Court does not credit Plaintiff's argument that the ALJ's commentary renders the decision reversible. While the ALJ's snippy remarks are less than professional, they do not rise to the level of reversible bias. See Bronson v. Barnhart, 56 F. App'x 973 (9th Cir. 2003).

Plaintiff next argues that the ALJ's residual functional capacity ("RFC") determinations should be rejected because the ALJ failed to explain why he accepted one medical source's determination of capability over the other. (Doc. 19 at 3.) Specifically, Plaintiff seems to object to the ALJ's acceptance

3

of Dr. Crank's opinion over Dr. Rosen's subsequent opinion. (Id.) Dr. Rosen's opinion differed from Dr. Crank's opinion in that Dr. Rosen opined that Plaintiff had slightly more restrictions on her physical capacity. As the Report and Recommendation acknowledged, however, the ALJ is entitled to formulate an RFC, and resolve any ambiguity or inconsistency in the medical evidence based on the entire record. (Doc. 18 at 12.) In this case, the ALJ noted that the medical evidence supported a finding that Plaintiff's ability to lift was more akin to Dr. Crank's evaluation of Plaintiff's ability than to Dr. Rosen's. The Court finds no error in the ALJ's weighing of the evidence to resolve the ambiguity between Dr. Crank's and Dr. Rosen's opinions. For the foregoing reasons, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case.

SO ORDERED this 3rd day of February 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4